Welles, J.
 

 {Dissenting.)
 
 — There is no aspect in which the appellants, in the present state of the pleadings and proofs, are entitled to any relief against the respondents. The prayer of the bill is, that the appellants be decreed entitled to fifty shares of the capital stock of the National Bank, and that the fifty shares of stock standing on the books of the bank in their names, at the time of the filing of the bill, may be decreed to belong to them; or, in case the Bank of America should be decreed to be entitled to said fifty shares, that then the said National
 
 *279
 
 Bank be decreed to deliver to each of the complainants .twenty-five shares of their capital stock, or to pay them the value thereof.
 

 There has been a decree in the suit brought by the Bank of America against these appellants and others, which adjudges the plaintiffs in that suit entitled to the last-mentioned fifty shares of stock, together with, the dividends which had accrued thereon, after the same had * 280 1 k° transferred to the appellants, band requir- -* ing the said appellants to assign and transfer the same to the plaintiff therein, the Bank of America.
 

 On what ground, then, can the appellants ask to have the National Bank either furnish them with an equal number of shares of stock, or pay them the value thereof? They were the owners of fifty shares of stock in that bank, which they allege was sold and transferred in their names, by their brother, Andrew Pollock, upon a forged power of attorney. Admitting this was the case, they are still the owners of those fifty shares, and are entitled to receive the dividends payable thereon, unless they have in some way ratified the sale, which they deny. They could not be deprived of them, without their consent, or by due process of law. If the National Bank has refused or shall refuse to pay over to the appellants any dividends that may have accrued upon it, I see no difficulty in their sustaining an action at law, as for money had and received by the bank to their use. If it is important for the appellants to have the stock stand in their names upon the books of the bank, and it becomes necessary to invoke the equitable power of the court to effect that object, either by having the transfers or assignments fraudulently made of the same, in their names, by Andrew Pollock, declared void, or by compelling a re-assignment thereof to them, by their claiming to hold the stock, and have the same registered by the bank in their name, or in any other way to be re-instated the apparent as well as the real owners of
 
 *280
 
 such stock, the persons to whom the same was assigned or who claim title thereto through such fraudulent assignments or transfers, are, of all others, most interested, and have the best right to be heard, before the court can make any order or give any judgment in the premises. Without having those persons before them as parties, it would be manifestly improper, to give any judgment in the premises, which would afford the appellants any relief. Indeed, it could not be done, without at the same time, seriously affecting the purchaser of the stock in question.
 

 [ *281 It does not appear, that the respondents have done any act of which the appellants have a right to complain. The wrong, if any, which has been done, was committed by Andrew Pollock *in transferring the stock without authority; and in this the purchasers from him, as the appellants’ agent or attorney, must, of course, be the greatest sufferers; for they have bought without acquiring title to that which they purchased, and have consequently lost whatever they paid for it. But the bank, I repeat, has done nothing worthy of blame; it could have no legal interest in the question as to who were the owners of the stock in question. Upon a transfer of any of its stock, it was its duty to register it in the name of the transferree; and it would be a monstrous doctrine, to hold it responsible, in any event, for the genuineness or validity of such transfer, where gpod faith has been observed by its managing officers.
 

 The bill is not adapted to the relief which the appellants are entitled to, if any, either in its frame, prayer or parties defendants; and there is, as it seems to me, an entire absence of equity as against the respondents. For these reasons, as well as those assigned by the supreme court, the judgment should be affirmed.
 

 Decree reversed, and a decree made in favor of the plaintiffs, in accordance with the prayer of their bill.